UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

CRAIG HILL,                                    )
                                               )
          Plaintiff,                           )
                                               )
v.                                             )   No. 1:20-cv-00043-SNLJ
                                               )
CARUTHERSVILLE, CITY OF, et al.,               )
                                               )
                                               )
          Defendants.                          )

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Craig Hill for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 6). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will direct plaintiff to file an amended complaint on a Court form.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted an inmate account statement as required by 28 U.S.C. § 1915(a)(2). Nevertheless, having reviewed the information contained in the motion, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his inmate account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff is a self-represented litigant currently incarcerated at the Pemiscot County Jail in Caruthersville, Missouri. He has filed a complaint that has been construed as a civil action pursuant to 42 U.S.C. § 1983. (Docket No. 1). The complaint is handwritten and not on a Court form. Plaintiff names the City of Caruthersville, Pemiscot County, Daniel Caronnichieon, Chris Waynes, Mike Hazel, Fred Copeland, Chris Riggs, Marcus Hopkins, Jeremy Lydel, the Missouri Highway Patrol, and Kristen Tate as defendants.

In the complaint, plaintiff asserts that defendants violated his constitutional rights with regard to a criminal conviction that was later overturned. He states that the City of Caruthersville violated its own policy by using defendants Riggs and Hopkins to file false charges against him. (Docket No. 1 at 2). Likewise, he claims that Pemiscot County filed false charges against him, and

also "failed to make a lawful arrest on" Riggs and Hopkins. (Docket No. 1 at 3). As to defendant Caronnichieon, plaintiff's attorney, plaintiff alleges that Caronnichieon's representation was below standard. (Docket No. 1 at 4).

With regard to defendant Waynes, a prosecutor, plaintiff states that Waynes tampered with evidence and withheld evidence. (Docket No. 1 at 6). Prosecutor Hazel is accused of filing false charges that were later dismissed. (Docket No. 1 at 7). Plaintiff asserts that defendant Copeland, who appears to be the judge in plaintiff's criminal case, knew of these alleged civil rights violations but did nothing. (Docket No. 1 at 8).

Defendants Riggs and Hopkins are law enforcement officers. (Docket No. 1 at 9-10). Plaintiff alleges that both are liable to him for filing false charges. With regard to defendant Lydel, a prosecutor, plaintiff claims that Lydel "[knew] of the police corruption and refuse[d] to follow the court order." (Docket No. 1 at 11). Likewise, plaintiff states that the Missouri Highway Patrol knew of Riggs's and Hopkins's "crimes," but violated his civil rights by failing to arrest them. (Docket No. 1 at 12).

Finally, plaintiff alleges that defendant Tate, a nurse, denied him "life sustaining medications." (Docket No. 1 at 13). In particular, plaintiff states that he was not given a Haldol injection, and that when he went to court, he was not able "to make the right choices."

Plaintiff's complaint does not include any request for relief.

On March 5, 2020, plaintiff filed a supplement to his original complaint. (Docket No. 3). In the supplement, plaintiff states that he was charged with "child endangerment [of] a sexual nature." (Docket No. 3 at 2). The charges were ultimately dismissed because plaintiff never came into contact with his child on the night in question. Plaintiff therefore accuses Pemiscot County

and the City of Caruthersville of false arrest, discrimination, hate crimes, malicious prosecution, and filing false charges. (Docket No. 3 at 4).

Plaintiff filed another supplement to the original complaint on March 16, 2020. (Docket No. 5). In this document, titled "Amendment," plaintiff requests that all defendants in this action be sued in their individual capacities. He also requests $2,000,000 in damages for wrongful conviction, hate crimes, interference with treatment, and violations of the Fourteenth Amendment.

## Discussion

Plaintiff is a self-represented litigant who brings this civil action against the City of Caruthersville, Pemiscot County, Daniel Caronnichieon, Chris Waynes, Mike Hazel, Fred Copeland, Chris Riggs, Marcus Hopkins, Jeremy Lydel, the Missouri Highway Patrol, and Kristen Tate. For the reasons discussed below, the complaint is subject to dismissal. However, the Court will provide plaintiff an opportunity to file an amended complaint on a Court form.

### A. Deficiencies in Complaint

Plaintiff's complaint is deficient and subject to dismissal. First, it is not on a Court-provided form, as required by the Court. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms").

Second, the complaint does not comport with the Federal Rules of Civil Procedure. Specifically, Rule 8 provides that "[a] pleading that states a claim for relief must contain…a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Here, plaintiff does not provide a short and plain statement showing he is entitled to relief. Instead, his claims consist almost entirely of legal conclusions, in which he contends that various defendants filed "false charges" against him, or failed to stop others from filing such charges. He provides very few facts supporting his conclusions, making his complaint difficult to fully

5

comprehend. Certainly, he has not demonstrated that he is entitled to relief. Plaintiff's failure to comply with Fed. R. Civ. P. 8 makes this action subject to dismissal. *See Micklus v. Greer*, 705 F.2d 314, 317 n.3 (8th Cir. 1983).

### B. Order to Amend

Because plaintiff is proceeding pro se, he will be allowed to amend his complaint according to the instructions set forth below.

Plaintiff should type or neatly print his amended complaint on the Court's civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). If the amended complaint is handwritten, the writing must be legible. In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed. Plaintiff should fill out the complaint form in its entirety.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

The amended complaint should only include claims that arise out of the same transaction or occurrence. In other words, plaintiff should only include claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

In structuring his amended complaint, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

If plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If plaintiff is suing multiple defendants, it is important that he establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. It is not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If plaintiff fails to file an amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

### C. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 9). In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. In particular, the Court is not convinced that plaintiff has stated a non-

frivolous claim. To the contrary, as discussed above, plaintiff's complaint is subject to dismissal, and he is being ordered to file an amended complaint. The Court will entertain future motions for appointment of counsel as the case progresses, if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 9) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court-provided form within **thirty (30) days** of the date of this order.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this order, this action will be dismissed without prejudice and without further notice.

**IT IS FURTHER ORDERED** that upon the filing of the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915(e)(2).

Dated this 6th day of July, 2020.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE